UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60269-CIV-ZLOCH

DAVID HERARD,

    Plaintiff,

vs.                                                    O R D E R

ATN RESTAURANT, INC. d/b/a
HARVEST CAFÉ, and MICHAEL
YODICE,

    Defendants.
_____/

    THIS MATTER is before the Court upon Defendants ATN Restaurant, Inc. d/b/a Harvest Cafe and Michael Yodice's Motion For Involuntary Dismissal For Violation Of Court Order Sanctioning Plaintiff And His Counsel And Requiring Various Documents To Be Produced For The Second Time (DE 51). A hearing was held on the instant Motion on November 13, 2007. After considering the statements and argument of counsel for the Defendant, Chris Kleppin, Esquire, and counsel for the Plaintiff, Anthony Maximillien Georges-Pierre, Esquire, and being otherwise fully advised in the premises, the Court hereby finds as follows:

    1. That on or about April 24, 2007, Plaintiff was served with Defendants' Interrogatories and Requests For Production. Plaintiff failed to fully respond or object to these discovery requests, prompting Defendants to file a Motion To Compel (DE 24);

    2. That by prior Order (DE 33) the Court granted Defendants' Motion (DE 24) and directed Plaintiff to serve full and complete

responses to Defendants' discovery requests on or before noon Monday, July 30, 2007;

3. That Plaintiff filed a Notice Of Compliance (DE 35) on July 30, 2007, indicating he fully complied with this Court's prior Order (DE 33);

4. That Plaintiff did not fully comply with this Court's prior Order (DE 33) because, rather than serving David Herard's tax records from the years 2004, 2005, and 2006 as ordered, Plaintiff served a copy of an IRS Form 4506 indicating a request for such records;

5. That Plaintiff's failure to fully comply with this Court's prior Order (DE 33) prompted Defendants to file a Motion For Sanctions And Litigation Expenses (DE 38) on September 17, 2007;

6. That this Court granted Defendants' Motion (DE 38) and issued its second Order (DE 41) ordering Plaintiff to fully comply with Defendants' discovery requests by noon Wednesday, October 31, 2007;

7. That Plaintiff represented twice in his Memorandum Of Good Cause (DE 44) that he had served such discovery upon Defendants and that all discovery requested was in Defendants' possession. See DE 44, ¶6 (Plaintiff's Counsel stated "the undersigned has served all items in existence and possession that was requested in Defendant's Request for Production. Defendant is in possession of the outstanding production request . . . . Thereby, obviating any further Court sanction concerning the <u>now served production</u>

2

requests.") (emphasis added);

8. That Defendants filed the instant Motion For Involuntary Dismissal (DE 51) claiming that Plaintiff made misrepresentations to the Court, and that contrary to Plaintiff's assertion, Defendants are not in possession of David Herard's IRS tax records for the years 2004, 2005, and 2006;

9. That at the hearing held on November 13, 2007, Plaintiff's Counsel Anthony Maximillien Georges-Pierre, Esquire, admitted that he did not send the aforementioned tax records to Defendants' Counsel, and in fact, he never had them in his possession;

10. That Plaintiff David Herard has failed to provide Defendants' Counsel with his IRS tax records for the years 2004, 2005, and 2006, despite two court orders compelling the same;

11. That Plaintiff's Counsel Anthony Maximillien Georges-Pierre, Esquire, has made misrepresentations to the Court; and

12. That no other sanction will cure the harm to Defendants caused by Plaintiff David Herard and his attorney Anthony Maximillien Georges-Pierre's misconduct.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Defendants ATN Restaurant, Inc. d/b/a Harvest Cafe and Michael Yodice's Motion For Involuntary Dismissal For Violation Of Court Order Sanctioning Plaintiff And His Counsel And Requiring Various Documents To Be Produced For The Second Time (DE 51) be and the same is hereby **GRANTED**;

2. Final Judgment shall be entered by separate order;

3. That all reasonable fees and costs incurred by Defendants in the preparation and execution of the instant Motion (DE 51), including preparation for and attendance at the hearing held on November 13, 2007, shall be assessed against the law firm of Plaintiff's Counsel, Remer & Georges-Pierre, P.A.; and

4. That on or before <u>noon</u> <u>Wednesday, November 28, 2007</u>, Defendants ATN Restaurant, Inc. d/b/a Harvest Cafe and Michael Yodice shall file a Memorandum with all necessary Affidavits and Exhibits as dictated by Rule 7.3(A) of the Local Rules of the Southern District of Florida, establishing for the Court the attorney's fees and costs incurred in the preparation and execution of the instant Motion (DE 51), including preparation for and attendance at the hearing held on November 13, 2007.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _19th_ day of November, 2007.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record